# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>GIPSON,<br><br>　　　　Respondent. | Case No. 1:14-cv-00597-LJO-GSA-HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation at California State Prison, Corcoran, pursuant to a conviction sustained in 2011 for kidnaping, carjacking, armed robbery, criminal threats, and assault with a firearm.

## DISCUSSION

**A.　Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

1

1 dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th
2 Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it
3 appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson,
4 440 F.2d 13, 14 (9th Cir. 1971).

**B.     Pending Federal Petition**

The Court notes that Petitioner has an ongoing habeas action in Hubbard v. Gipson, Case No. 1:13-cv-01758-JLT-HC. Normally, when a new petition is filed before the adjudication of a previously-filed petition is complete, the new petition should be treated as a motion to amend the petition in the previously-filed action. Woods v. Carey, 525 F.3d 886, 888-890 (9th Cir. 2008). In this case, however, Petitioner has filed numerous petitions subsequent to the above-referenced case. In all of those cases, the petitions were dismissed for failure to state cognizable claims, or the petitions were construed as motions to amend and refiled in the above-referenced case according to Woods. On each occasion, Petitioner has been advised he cannot maintain multiple actions contesting the same conviction, and any relief for his conviction must be pursued in the initially filed action. His continuing attempts to file new petitions have become abusive. Should Petitioner persist in his filings, the Court will have no choice but to declare him a vexatious litigant. Regardless, the instant petition should not be construed as a motion to amend in the initial case, but should be dismissed.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as successive.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's

ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **May 12, 2014**                             **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE